Argued March 30, Ballot Title Revised, April 15, 1964

## SCHNELL ET AL *v.* THORNTON ET AL
### 391 P. 2d 380

*Leo Levenson,* Portland, argued the cause and filed briefs for appellants.

*Ray H. Lafky,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before MCALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, DENECKE and LUSK, Justices.

McALLISTER, C. J.

The petitioners, pursuant to ORS 254.080, have asked this court to correct the ballot title prepared by the Attorney General for an initiative measure filed with the Secretary of State.

On January 28, 1964 the Attorney General returned to the Secretary of State the following ballot title:

## BALLOT TITLE

*"Amending State Workmen's Compensation Law.* Purpose: Expands Workmen's Compensation Law to cover practically all employed persons. Increases accident benefits approximately 18 per cent. Requires employers to insure under compulsory state compensation system."

Petitioners contend that the ballot title returned by the Attorney General is insufficient, unfair, and does not intelligibly express the chief purpose of the measure as required by ORS 254.070.[1]

It is apparent that the chief purpose of the measure is to change the Workmen's Compensation Law from an elective to a compulsory state system. The measure requires all employers, except those specifically exempted, to insure under the state compensation system.

The Attorney General concedes that the chief pur-

---

[1] ORS 254.070. "* * * The ballot title shall consist of a caption not exceeding six words in length by which the measure is commonly referred to or spoken of, followed by an abbreviated statement not exceeding 25 words in length of the chief purpose of the measure. * * * In writing the ballot title the Attorney General shall, to the best of his ability, give a true and impartial statement of the purpose of the measure and in such language that the same shall not be intentionally an argument or likely to create prejudice either for or against the measure."

pose of the measure is to change the Workmen's Compensation Law from an elective to a compulsory state system. In his brief the Attorney General states: "The proposed law simply changes Oregon from an elective state fund to a compulsory state fund class." The appellants' brief also states that the measure would "change the current 'elective' type to a 'compulsory' compensation system."

We agree that the Attorney General's ballot title is defective in that it does not state with clarity the chief purpose of the measure. In addition, the chief purpose seems to be subordinated to the secondary purposes of expanding the coverage and increasing the benefits. We, therefore, certify to the Secretary of State a ballot title for the measure in question reading as follows:

### BALLOT TITLE

*"Amending State Workmen's Compensation Law*. Purpose: Changes Workmen's Compensation Law from an elective to a compulsory state system. Requires employers to insure under state system. Includes practically all employees. Increases benefits."

Ballot title revised.

O'CONNELL, J., dissenting.

I dissent. I think that the ballot title prepared by the Attorney General satisfies the requirements prescribed in ORS 254.070. The average voter, knowing little or nothing about "elective" and "compulsory" systems of workmen's compensation, will not be greatly enlightened by the title prepared by the court. In fact, it is unrealistic to believe that any 25-word explanation of a measure as complex as the initiative measure

in question could in itself enlighten the average voter as to the purpose of the measure.

It is not enough to say that the title prepared by the court states more clearly the purposes of the measure. We are directed to redraft the title only if the Attorney General's version is not "a true and impartial statement of the purpose of the measure and in such language that the same shall not be intentionally an argument or likely to create prejudice either for or against the measure." I do not believe that the ballot title prepared by the Attorney General violates the spirit of this prescription.